IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MASON HARRIS,**

        **Plaintiff,**

   v.

**TINA GROCE,** *et al.***,**

        **Defendants.**

Case No. 2:05-CV-983

**JUDGE GEORGE C. SMITH**

**Magistrate Judge Norah McCann King**

<u>**ORDER**</u>
<u>**AND**</u>
<u>**REPORT AND RECOMMENDATION**</u>

    This is a civil rights action under 42 U.S.C. §1983 ("Section 1983"), in which Mason Harris ("plaintiff"), a state inmate, claims that he has been denied his constitutional rights by defendants Tina Groce and Daniel Borchert.  This matter is before the Court on plaintiff's *Preacipe* ("*Plaintiff's Motion for a Hearing*"), Doc. No. 16, *Plaintiff's Pro Se Motion for a Pretrial Conference (With the Plaintiff's Presence)* ("*Plaintiff's Motion for a Conference*"), Doc. No. 17, *Defendant Daniel Borchert's Motion to Dismiss*, Doc. No. 8, and *Defendant Tina Groce's Motion to Dismiss*, Doc. No. 9.  For the reasons that follow, both of plaintiff's motions are **DENIED** as moot and it is **RECOMMENDED** that both defendants' motions be **GRANTED**.

I.  FACTS

Plaintiff is a prisoner of the State of Ohio, currently incarcerated at the Lebanon Correctional Institution ("LeCI"). *Complaint* pg. 1.[1] On approximately December 15, 2004, plaintiff was transferred to LeCI from Madison Correctional Institution ("MaCI"). *Id.* pgs. 14-15. Plaintiff alleges that defendant Groce, a transport officer employed by MaCI, "packed up" plaintiff's personal belongings and that she is responsible for losing and damaging some of those belongings. *Id.* pg. 11.

On December 19, 2004, plaintiff filed an *Informal Complaint* at LeCI, complaining that defendant Groce violated plaintiff's rights by losing or damaging his personal belongings during his move from MaCI to LeCI. *Id.* pgs. 4, 11. Dissatisfied with the response to his *Informal Complaint,* plaintiff filed a *Notification of Grievance* on January 4, 2005. *Id.* Although plaintiff was dissatisfied with the decision issued on the *Notification of Grievance, Id.,* plaintiff did not pursue the grievance any further. *Id.* pgs. 11, 15.

On February 25, 2005, plaintiff filed a lawsuit in the Ohio Court of Claims against Ms. Groce, Case Number 2005-03296-AD, based on the allegations in his grievances. *Id.* pg. 6; *Defendant Groce's Motion to Dismiss*, Exhibit A. On August 2, 2005, the Court of Claims issued findings of fact and conclusions of law and the case was dismissed. *Id.* pg. 11.

On October 27, 2005, plaintiff filed the *Complaint* in this action, naming as defendants Tina Groce and Daniel Borchert. This action presents the precise claim against defendant Groce as plaintiff asserted in the Court of Claims case, alleging that her actions violated his

---

[1] The *Complaint* page numbers referred to in this *Order and Report and Recommendation* are those electronically assigned by this Court's electronic filing system.

constitutional rights.

Defendant Borchert is the Ohio Court of Claim's Clerk who issued the findings of fact and conclusions of law in plaintiff's Court of Claims case. *Id.* pg. 5. Plaintiff alleges that, in resolving that action, defendant Borchert violated plaintiff's constitutional rights. *Id.* pg. 1.

On December 15, 2005, defendant Borchert filed his motion to dismiss, Doc. No. 8, and on December 19, 2005, defendant Groce filed her motion to dismiss, Doc. No. 9. On April 14, 2006, plaintiff filed his opposition to both defendants' motions ("*Plaintiff's Memorandum contra*"), Doc. No. 12.

On May 31, 2006, plaintiff filed *Plaintiff's Motion for a Hearing*, Doc. No. 16, and on June 3, 2006, he filed *Plaintiff's Motion for a Conference*, Doc. No. 17.

## II. STANDARDS OF REVIEW

### A. Motions to Dismiss

Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994). A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Thus, this Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of an absence of facts or law to support the claims in it, or if on the face of the complaint there is an insurmountable bar to relief.  *See generally, Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

### B.  *Pro Se* Litigants

In this case, plaintiff is proceeding without the assistance of counsel.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial."  *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).  "Indeed, courts should not assume the role of advocate for the *pro se* litigant."  *Id.* (citing *Hall*, 935 F.2d at 1110).

### III.  ANALYSIS

### A.  Defendant Daniel Borchert's Motion to Dismiss

Plaintiff alleges that defendant Borchert violated plaintiff's constitutional rights by issuing findings of fact and conclusions of law that ultimately resulted in the dismissal of plaintiff's Court of Claims case:

> The Defendant (Mr. Daniel Borchert) on the 2nd day of August 2005 ruled in behalf of the other Defendant (Ms. Groce) against the Plaintiff (Mason Harris) when there is/was a colossal amount of evidence and witnesses in favor of the Plaintiff in the Court of Claims of Ohio, Case Number 2005-03296-AD, its just a personal attack/injury done to the Plaintiff (Mason Harris #185-137).

*Id.* pg. 16.

Defendant Borchert requests dismissal of this action based on, *inter alia*, his entitlement to absolute immunity. *Defendant Daniel Borchert's Motion to Dismiss*, at 3-4. Defendant Borchert contends that his judicial functions entitle him to absolute immunity from a Section 1983 damages action in federal court based on his position as a clerk in the Ohio Court of Claims. *Id.* The Court agrees.

The United States Court of Appeals for the Sixth Circuit has specifically held that Daniel Borchert is entitled to absolute immunity from a Section 1983 damages action in federal court arising out of his capacity as a clerk with the Ohio Court of Claims. *Terrell v. Borchert*, 872 F.2d 1029 (6th Cir. 1989). In *Terrell*, the Sixth Circuit analyzed a fact pattern identical to that presently before this Court. In that case, the plaintiff was an Ohio inmate who filed a *pro se* Section 1983 complaint against Borchert for dismissing a case that the inmate had filed in the Ohio Court of Claims. *Id.* Specifically, the plaintiff asserted that Borchert violated the inmate's constitutional rights by issuing findings of fact, conclusions of law and an order that dismissed the plaintiff's complaint. *Id.* The *Terrell* court concluded:

> Upon review, we affirm the district court's judgment. Under Ohio law, Borchert is empowered to administratively determine the outcome of certain types of civil actions filed against the state. *See* Ohio Revised Code § 2743.10. Consequently, Borchert would be immune from a suit for damages as his act of filing findings of fact and conclusions of law was a judicial function to which absolute immunity attached. *See Forrester v. White*, [484] U.S. [219, 223, 227] , 108 S. Ct. 538, 542-44 (1988); *Foster v. Walsh*, No. 88-3256, slip op. at pg. 3 (6th Cir. Dec. 14, 1988) (*per curiam*). In fact, this court has expressly held that clerks of courts,

5

>when performing quasi-judicial functions, are entitled to immunity. *See Smith v. Martin*, 542 F.2d 688, 690-91 (6th Cir. 1976) (*per curiam*); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (*per curiam*).

*Id.*

Plaintiff here, like the plaintiff in *Terrell*, sued defendant Borchert based on his performance of judicial functions authorized by state law. Additionally, just as the plaintiff in *Terrell* alleged that he was entitled to damages against Mr. Borchert for issuing an order that was unfavorable to that plaintiff, plaintiff in this action is attempting the same by filing a damages action against defendant Borchert. However, just as defendant Borchert was entitled to absolute immunity in *Terrell*, he is also entitled to absolute immunity here.

Accordingly, even accepting all plaintiff's well-pleaded facts as true, *see Scheuer*, 416 U.S. at 236, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim against defendant Borchert which would entitle him to relief. *Conley,* 355 U.S. at 45-46.

### B. Defendant Tina Groce's Motion to Dismiss

Defendant Groce argues that this action should be dismissed against her based on plaintiff's failure to exhaust the administrative remedies available to him, or alternatively, based on the Ohio Court of Claims Act, Ohio Revised Code ("O.R.C.") § 2743.02. The Court agrees.

#### 1. Plaintiff failed to exhaust administrative remedies available to him.

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust administrative remedies available to the prisoner prior to filing an action in a federal court. 42 U.S.C. §1997e(a) (2004). The PLRA states in pertinent part:

>No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

6

exhausted.

*Id.* The plaintiff-prisoner bears the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). Although exhaustion is not jurisdictional, it is mandatory, *Woodford v. Ngo,* __ U.S. __, 126 S.Ct. 2378, 2382 (2006), even if proceeding through the administrative system would appear to the inmate to be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).

In addition, grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the individual subjects of the grievance so that those officials are given the opportunity to address the claims before a suit is brought in federal court. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001); *Walton v. Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005). The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

Most grievances of Ohio inmates are subject to the three-step administrative procedure established by Ohio Admin. Code § 5120-9-31. First, an inmate initiates the grievance procedure by filing an informal complaint resolution form with the prison official whose area of responsibility is most related to the grievance. § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, the inmate may file a notification of grievance form with the Institutional Inspector. § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. § 5120-9-31(J)(3).

In the instant action, plaintiff completed only steps one and two of the grievance procedure. *Complaint* pgs. 11, 15. Plaintiff concedes that, after he received the second step

7

response (which he alleges contained only "evasive answers"), he did not appeal the decision to the Chief Inspector, as the statutory framework requires. *Id.* However, plaintiff simply cannot abandon the administrative process. *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004) (an inmate cannot abandon the administrative process before completion and claim that he has exhausted the available remedies).

Consequently, even accepting all plaintiff's well-pleaded facts as true, *see Scheuer*, 416 U.S. at 236, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim against defendant Groce which would entitle him to relief. *See Conley,* 355 U.S. at 45-46.

**2. The Ohio Court of Claims Act bars plaintiff's claims against defendant Groce.**

Even if plaintiff had exhausted the administrative remedies available to him on his claim against defendant Groce, those claims against would still be subject to dismissal because plaintiff waived any cause of action he might have had against defendant Groce by filing a nearly identical suit against her in the Ohio Court of Claims on February 25, 2005. The Ohio Revised Code provides that, although Ohio waives its sovereign immunity from suit in the Ohio Court of Claims, bringing suit in that court against a state employee precludes any other suit in any other court based on the same act or omission of the employee:

> The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims . . . . Filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer of employee, as defined in section 109.36 of the Revised Code. . . .

O.R.C. § 2743.02(A)(1). O.R.C. § 109.36(A)(1) defines "officer or employee" as a person who, "at the time a cause of action against the person arises," is employed by, or is rendering some

8

service to, the state. It is undisputed that defendant Groce was employed by the Ohio Department of Rehabilitation and Correction ("ODRC") at the time she allegedly destroyed or lost plaintiff's personal belongings; therefore, defendant Groce qualifies as an "employee" under O.R.C. § 2743.02(A)(1).

The United States Court of Appeals for the Sixth Circuit has, on several occasions, declared the validity of O.R.C. § 2743.02(A)(1). In *Leaman v. Ohio Dep't of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987), the Sixth Circuit held that, once a plaintiff elects to pursue the sovereign state's "deep pockets" in the Court of Claims, the plaintiff waives not only state causes of action against state employees, but federal claims as well. *Id.* at 953-54. Finding that the Ohio statute did not frustrate federal laws, the Sixth Circuit maintained:

> In no way does the Ohio statute shut the doors of the federal courts on claimants who are unwilling to forego suit there. It does not deprive claimants of their federal forum. The Ohio statute simply offers to make available an otherwise unavailable deep-pocket defendant, and an alternative forum, if prospective plaintiffs who think they have claims against individual state employees voluntarily elect to waive suit against the employees in favor of suit against the employer.

*Id.*
As this Court has explained:

> The Sixth Circuit reaffirmed its position in *Leaman* in *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995). The *Thomson* Court found that *Leaman* interpreted § 2743.02(A)(1) as "establishing a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees." *Id.* at 1318. Most recently, in *Turker v. Ohio Dep't of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998), the Sixth Circuit reiterated that "*Leaman* and *Thomson* provide that where a federal court plaintiff files a related action in the Court of Claims, she has waived her right to sue the state official for monetary damages in federal court." *Id.* at 459.

*Thomas v. Ohio Dep't of Rehabilitation & Correction*, 36 F. Supp.2d 1005, 1007-08 (S.D. Ohio

1999).

In the case *sub judice*, defendant Groce was an employee of ODRC, as defined in O.R.C. § 109.36(A)(1), when she allegedly lost and/or damaged plaintiff's property. Plaintiff filed suit against her in the Ohio Court of Claims on February 25, 2005, alleging that defendant Groce lost and/or damaged plaintiff's property when she packed his belongings before his move to LeCI. Consequently, O.R.C. § 2743.02(A)(1), as well as the decisions of *Leaman*, *Thomson* and *Turker*, mandate this Court's conclusion that plaintiff waived his right to sue defendant Groce in this Court when he filed suit in the Ohio Court of Claims.

### C. Plaintiff's Motions for a Conference and a Hearing

Based on the Court's conclusion that plaintiff has failed to state claims upon which relief can be granted, his motion for a hearing and his motion for a conference are rendered moot.

It is therefore **RECOMMENDED** that *Defendant Daniel Borchert's Motion to Dismiss*, Doc. No. 8, and *Defendant Tina Groce's Motion to Dismiss*, Doc. No. 9, be **GRANTED** and it is **ORDERED** that *Plaintiff's Motion for a Hearing*, Doc. No. 16, and *Plaintiff's Motion for a Conference*, Doc. No. 17, are **DENIED** as moot.

If any party seeks review by the District Judge of the portion of this document that entails the *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and*

10

*Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


August 14, 2006                  s/Norah McCann King
Date                                        Norah M<sup>c</sup>Cann King
                                                 United States Magistrate Judge