**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MASON HARRIS,**

        **Plaintiff,**

   v.

**TINA GROCE,** *et al.*,

        **Defendants.**

Case No. 2:05-CV-983

**JUDGE GEORGE C. SMITH**

**Magistrate Judge Norah McCann King**

**ORDER**

This is a civil rights action under 42 U.S.C. §1983 ("Section 1983"), in which Mason Harris ("plaintiff"), a state inmate, claims that he has been denied his constitutional rights by defendants Tina Groce and Daniel Borchert. This matter is before the Court on plaintiff's objections to the *Order and Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 20, issued by United States Magistrate Judge King on August 14, 2006, Doc. No. 18. For the reasons that follow, *Plaintiff's Objections* are **OVERRULED**. The *Order and Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**.

**I.  RELEVANT BACKGROUND**

On October 27, 2005, plaintiff filed the *Complaint* in this action, naming as defendants Tina Groce and Daniel Borchert. Plaintiff alleged that defendant Borchert, a clerk in the Ohio Court of Claims, violated plaintiff's constitutional rights by issuing findings of fact and conclusions of law that ultimately resulted in the dismissal of a case that plaintiff had filed in the Ohio Court of Claims. *Complaint* pg. 16. Plaintiff alleged in that action and in the instant action, that defendant Groce, a transport officer employed at the Madison Correctional Institution, "packed up" plaintiff's personal belongings some of which were either lost or demanaged, thus violating plaintiff's constitutional rights. *Complaint* pg. 11.

On December 15, 2005, defendant Borchert filed a motion to dismiss this action, Doc.

No. 8, and on December 19, 2005, defendant Groce filed a motion to dismiss, Doc. No. 9. On April 14, 2006, plaintiff filed his opposition to both defendants' motions, Doc. No. 12.

On May 31, 2006, plaintiff filed a motion requesting a hearing, Doc. No. 16, and on June 3, 2006, he filed a motion for a pretrial conference, Doc. No. 17.

On August 14, 2006, United States Magistrate Judge King issued an *Order and Report and Recommendation*, Doc. No. 18, in which she recommended the grant of both the motions to dismiss and ordered that plaintiff's motion for a hearing, Doc. No. 16, and plaintiff's motion for a pretrial conference, Doc. No. 17, be denied as moot.

On August 24, 2006, plaintiff filed *Plaintiff's Objections*, objecting to the portions of the *Order and Report and Recommendation* that granted defendant Groce's motion to dismiss and that denied as moot plaintiff's motion for a pretrial conference.

## II.     STANDARDS OF REVIEW

Plaintiff objects to the *Order and Report and Recommendation* as it relates to plaintiff's motion for a conference, a nondispositive motion, and as it relates to defendant Groce's motion to dismiss, a dispositive motion. Consequently, this Court must enlist two standards to review *Plaintiff's Objections*. The United States Court of Appeals for the Sixth Circuit instructs:

> Thus, [28 U.S.C.] § 636(b) creates two different standards of review for district courts when a magistrate judge's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard. *See id.* at 674.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## III.    ANALYSIS

### A.     Plaintiff's Objection to the Recommended Grant of Defendant Groce's Motion to Dismiss

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the recommendation that defendant Groce's motion to dismiss be granted. *See also Curtis*, 237 F.3d

at 603. Magistrate Judge King recommended dismissal of plaintiff's claims against defendant Groce because plaintiff had failed to exhaust the administrative remedies available to him with respect to those claims and because plaintiff waived any cause of action he might have had against defendant Groce by filing a nearly identical suit against her in the Ohio Court of Claims. *Report and Recommendation* at 6-10.

Plaintiff does not object to the magistrate judge's conclusion that he failed to exhaust the administrative remedies available to him regarding his claims against defendant Groce. Consequently, even if this Court agreed with plaintiff's argument that his claims against defendant Groce are not barred by his suit in the Ohio Court of Claims, the motion to dismiss would still be meritorious. *See Woodford v. Ngo,* __ U.S. __, 126 S. Ct. 2378, 2382 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).

The Court, however, does not agree with plaintiff's argument, which in essence appears to be a request to accept plaintiff's apology for filing suit against defendant Groce in the Ohio Court of Claims on February 25, 2005. Plaintiff asks that this Court overrule the magistrate judge's recommendation to dismiss his claims against defendant Groce, or, in the alternative, that it remand that cause of action with instructions to the Ohio Court of Claims. The Court declines to do either.

As set forth correctly in the *Order and Report and Recommendation*, the Ohio Revised Code provides that, although Ohio has waived its sovereign immunity from suit in connection with actions in the Ohio Court of Claims, bringing suit in that court against a state employee precludes any other suit in any other court based on the same act or omission of the employee. O.R.C. § 2743.02(A)(1). *See also Turker v. Ohio Dep't of Rehabilitation and Corrections*, 157 F.3d 453 (6th Cir. 1998), *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995) and *Leaman v. Ohio Dep't of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987). Plaintiff's apology simply does not change the underlying facts, *i.e.*, plaintiff brought suit against defendant Groce in the Ohio Court of Claims based on the same acts on which he bases his claims against defendant Groce in

this action. Moreover, this Court is without authority to remand to state court an action that was originally filed in this Court. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456. 467 (6th Cir. 2002) ("Thus, while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court . . . .").

Thus, O.R.C. § 2743.02(A)(1) and the case law cited above mandate the conclusion that plaintiff waived his right to sue defendant Groce in this Court when he filed suit against her in the Ohio Court of Claims.

### B. Plaintiff's Objection to the Denial of Plaintiff's Motion for a Pretrial Conference

In the *Order and Report and Recommendation*, the magistrate judge also denied as moot plaintiff's motion for a pretrial conference based on the her recommendation that this action be dismissed for failure to state a claim upon which relief can be granted. *Order and Report and Recommendation* at 10. Because the Court agrees that this action must be dismissed, Magistrate Judge King's denial of plaintiff's motion as moot is not clearly erroneous or contrary to law. *See Curtis*, 237 F.3d at 603; 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court affirms the magistrate judge's order denying as moot plaintiff's motion for a pretrial conference.

**WHEREUPON**, in light of the foregoing, *Plaintiff's Objections*, Doc. No. 20, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 18, is hereby **ADOPTED AND AFFIRMED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in defendants' favor**.**

    *s/George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**